United States District Court
Southern District of Texas

**ENTERED**

March 20, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| RAFAEL SEBASTIAN RUZ FUENTE, | § § | CIVIL ACTION NUMBER 4:26-cv-00767 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| KRISTI NOEM, *et al*, | § | |
| Respondents. | § | |

**ORDER OF DISMISSAL**

Petitioner Rafael Sebastian Ruz Fuente filed a petition for a writ of *habeas corpus* on February 1, 2026. Dkt 1. He states that he is a national of Venezuela who entered the United States on July 31, 2023. Id at ¶15. He asserts that his detention under 8 USC §1225(b) violates (i) his temporary protected status under 8 USC §1254a(d)(4) and the declaratory relief issued in *National TPS Alliance v Noem*, 2025 WL 3539156, *3 (ND Cal), and (ii) the Due Process Clause of the Fifth Amendment. Id at ¶¶42–48.

Pending is a motion by the Government for summary judgment. Dkt 6. It maintains that Petitioner is subject to mandatory detention as an "applicant for admission" under 8 USC §1225(b)(2)(A). Id at 5–7. It further states that the Department of Homeland Security has terminated temporary protected status for Venezuelan nationals. Id at 4, citing Termination of the October 3, 2023 Designation of Venezuela for Temporary Protected Status, 90 Fed Reg 9040, 9041 (2025). And it argues that the order declaring that termination unlawful by the California federal court isn't entitled to preclusive effect here. Id at 8–9, citing *National TPS Alliance*, 2025 WL 3539156.

The Fifth Circuit has now issued a controlling decision in *Buenrostro-Mendez v Bondi,* 166 F4th 494 (5th Cir 2026). In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See id at 502–08.

The undersigned previously resolved that and an array of closely related issues upon determination that the Government may properly apply 8 USC §1225(b)(2)(A) in circumstances similar to those of Petitioner. For example, see:

- o *Montoya Cabanas v Bondi,* 2025 WL 3171331 (SD Tex): Finding that (i) the term "applicant for admission" is determinative, as it is broadly defined to include anyone "present in the United States who has not been admitted," (ii) application of §1225(b)(2)(A) doesn't render superfluous the amendment to §1226 by the Laken Riley Act, and (iii) no due process violation occurs where constitutional argument depends on rejected statutory interpretation of §§1225 and 1226.

- o *Herrera Naranjo v Uhls,* 2025 WL 3771447 (SD Tex): Rejecting contention that (i) the text of §1225(b)(2)(A) is ambiguous, with resort to other canons of statutory construction thus being unnecessary, (ii) the location of petitioner's arrest may itself violate due process or otherwise make detention unlawful, and (iii) prior work authorizations confer lawful status.

- o *Rodriguez-Hidalgo v Noem*, 4:25-cv-05730 (SD Tex, Jan 9, 2026): Rejecting arguments based on (i) bond regulations because statutory language prevails over putative conflicting regulations, (ii) due process because the Government may constitutionally detain deportable aliens during the limited period

2

necessary for their removal proceedings, and (iii) eligibility for adjustment of status under the Cuban Adjustment Act because such is outside the scope of *habeas* jurisdiction.

o *Cairo Ceniz v Bondi*, 4:26-cv-00017 (SD Tex, Jan 21, 2026): Finding "applicants for admission" to be a subset of those "seeking admission" under 8 USC §1225(a)(3).

o *Garcia Tabon v Dickey*, 4:25-cv-06145 (SD Tex, Jan 22, 2026): Rejecting argument under Administrative Procedure Act where it depends on rejected statutory interpretation of §§1225 and 1226.

o *Vargas Ordonez v Frink*, 4:25-cv-06386 (SD Tex, Jan 20, 2026): Rejecting argument under Fourth Amendment where it depends on rejected statutory interpretation of §§1225 and 1226.

As noted within the above citations, a claim under the Due Process Clause of the Fifth Amendment necessarily fails to the extent that it proceeds upon reliance of rejected statutory interpretation as to the applicability of §1226. For example, see *Montoya Cabanas*, 2025 WL 3171331 at *6–7; *Herrera Naranjo*, 2025 WL 3771447 at *2. Further, the Supreme Court has recognized that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Maceda Jimenez v Thompson*, 2025 WL 3265493, *1 (SD Tex), quoting *Demore v Kim*, 538 US 510, 523 (2003).

Most of the claims raised by Petitioner lack merit for reasons stated in the above decisions. To the extent Petitioner relies on arguments not considered in those decisions, they also lack merit.

*As to temporary protected status,* Petitioner lacks such status and is thus subject to mandatory detention under §1225(b). If Petitioner did hold temporary protected status, the Government couldn't detain him notwithstanding

§1225(b). See 8 USC §1254a(d)(4): "An alien provided temporary protected status under this section shall not be detained by the Attorney General on the basis of the alien's immigration status in the United States." But as noted above, DHS has revoked that status for Venezuelan nationals. See 90 Fed Reg at 9041.

The Northern District of California has declared that revocation unlawful, and Petitioner claims this judgment is entitled to preclusive effect here. See Dkt 1 at ¶2, citing *National TPS Alliance*, 2025 WL 3539156 at *3. To the contrary, a district court isn't bound by another district court's ruling. *See Camreta v Greene*, 563 US 692, 709 n 7 (2011). And in any event, the Fifth Circuit observes that "the doctrines of *res judicata* and collateral estoppel are not applicable in *habeas* proceedings." *Hardwick v Doolittle*, 558 F2d 292, 295 (5th Cir 1977). It also appears that, at least at this juncture, the Northern District of California is continuing to issue orders *contrary* to present guidance from the Supreme Court in that action. Compare *Noem v National TPS Alliance*, 146 S Ct 23, 24 (2025) (staying district court order that found termination of temporary protected status unlawful), with *National TPS Alliance*, 2025 WL 3539156 (after entry of Supreme Court stay, issuing declaratory relief to same effect). And further, the order of declaratory relief remains on appeal and thus is not, even in that sense, *final* for purposes of preclusion. See *National TPS Alliance v Noem*, 26-187 (9th Cir).

Petitioner elsewhere seeks to distinguish *Buenrostro* itself on the grounds that temporary protected status wasn't there addressed. See Dkt 6 at 7–9. But a grant of temporary protected status "does not come with a ticket of admission." *Sanchez v Mayorkas*, 593 US 409, 416 (2021). Because Petitioner hasn't been admitted—and indeed, no longer holds temporary protected status—he is deemed an "applicant for admission" subject to mandatory detention under §1225(b)(2) as interpreted in *Buenrostro*.

*As to due process,* the petition itself relies exclusively on issues addressed in the decisions above. See Dkt 1 at ¶¶46–48. Petitioner seeks in his reply to introduce a

4

separate and different procedural due process claim. See Dkt 6 at 4–7. It is properly disregarded. See *United States v Armstrong*, 951 F2d 626, 630 (5th Cir 1992) (issues raised by prisoner after Government filed its response to request for *habeas* relief are "not properly before the district court" absent leave to amend).

Petitioner also presents arguments regarding his removability that appear to extend beyond the lawfulness of his detention. See Dkts 1 at ¶¶1–2 & 6 at 3, 9–10. Such arguments of their nature go to the question of whether he may be *removed* and not as to whether he may be *held in detention* during that interim. While these are appropriate for presentation within the context of his immigration proceedings, a proceeding in federal court on *habeas corpus* comes with no authority to consider or adjust immigration status on the merits.

The motion for summary judgment by the Government is GRANTED. Dkt 5.

The petition for writ of *habeas corpus* by Petitioner Rafael Sebastian Ruz Fuente is DENIED. Dkt 1.

A final judgment dismissing this action with prejudice will enter separately.

SO ORDERED.

Signed on _____ , at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge

5